IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                 Case No. 21-10102-JWB
                                                              23-1273-JWB

NICHOLAS WOODFIELD,

      Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255. (Doc. 61.) The motion is DENIED for the reasons stated herein.

**I.  Facts and Procedural History**

On December 21, 2021, Defendant was charged by way of indictment with two counts of transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(1), one count of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2), and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (Doc. 7.) On January 5, 2023, Defendant pleaded guilty to the distribution count. (Doc. 36.) The parties entered into a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement in which they proposed a sentence of 168 months as an appropriate disposition for the charge. (*Id.* ¶ 3.) In the plea agreement, Defendant admitted to the following:

> On or about October 8, 2021, the defendant Nicholas Woodfield used his Snapchat account to engage in communications regarding the sale and exchange of child pornography with another user. Woodfield recorded these communications using a screen recording application on his Apple iPhone 8 (IMEI 353219105790371), which were later found on his phone following a search warrant for his residence and devices. In the recording, Woodfield scrolled through the content of his Mega (online storage) account, which showed various depictions including a

1

prepubescent female made to masturbate an adult male and a toddler female confronted with an erect penis, and offered the same to the other user.

The defendant Nicholas Woodfield admits to operating the Snapchat and Mega accounts from his device in his residence in Wichita, Kansas, to distribute child pornography to another via the internet.

(*Id.* ¶ 2.)

At the plea hearing, Defendant admitted under oath that the factual statement in the plea agreement was true. He further stated under oath that he was satisfied with his counsel. On April 26, 2023, the court sentenced Defendant to 168 months after accepting the plea agreement. (Doc. 46.) Defendant did not file a direct appeal. Defendant now timely moves to vacate the sentence. (Doc. 61.)

**II.    Standard**

Section 2255(a) of Title 28 of the United States Code provides in part that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence." Unless the motion and the record of the case conclusively show the prisoner is entitled to no relief, the court must promptly grant a hearing. 28 U.S.C. § 2255(b). "An evidentiary hearing is not necessary where a § 2255 motion contains factual allegations that are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact." *United States v. Stein*, No. 6:16-CR-10141-02-EFM, 2023 WL 387148, at *2 (D. Kan. Jan. 25, 2023).

"The Sixth Amendment guarantees a defendant the effective assistance of counsel at 'critical stages of a criminal proceeding,' including when he enters a guilty plea." *Lee v. United States*, 586 U.S. 357, 363 (2017) (citation omitted). "To demonstrate that counsel was

constitutionally ineffective, a defendant must show that counsel's representation 'fell below an objective standard of reasonableness' and that he was prejudiced as a result." *Id*. (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984)).  A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Strickland*, 466 U.S. at 689.  To establish prejudice, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

The court further notes that Defendant is proceeding pro se.  Pro se pleadings are construed liberally, but a district court cannot assume the role of an advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**III.   Analysis**

Defendant argues that his counsel was ineffective by failing to advise him that his conduct did not amount to distribution of child pornography.  Defendant asserts that his conduct was limited to sending an individual a link to a cloud storage folder and that he did not transmit child pornography.  He further states that the "transmission of text only" does not satisfy the definition of child pornography. (Doc. 61 at 4.)  Liberally construed, Defendant contends that his counsel rendered ineffective assistance by failing to advise him that the facts of his case were legally insufficient to support the elements of a distribution charge.

Defendant's arguments lack merit given the plea agreement and Defendant's admissions at the plea hearing.  The factual basis in the plea agreement stated that Defendant engaged in conversations over the internet regarding the sale and exchange of child pornography.  Defendant recorded an internet conversation which occurred over Snapchat in which he scrolled through

3

images of child pornography and offered the same to another individual. That recording was located on his device. The plea agreement further included a statement that Defendant in fact distributed child pornography to another individual over the internet. Defendant then admitted under oath that the statements in the plea agreement were true. The facts set forth in the plea agreement are sufficient to establish the elements of distribution of child pornography. The truth and accuracy of Defendant's statements made in court under oath are "conclusive in the absence of a believable reason justifying" their rejection. *United States v. Glass*, 66 F. App'x 808, 810 (10th Cir. 2003) (quoting *United States v. Bambulas*, 571 F.2d 525, 526 (10th Cir. 1978)). Defendant offers no reason for the court to reject his prior statements in the plea agreement and made under oath at the change of plea hearing. Rather, he does not even address those statements. Instead, he merely contends that he only sent a link by text. Such assertion is self-serving and not supported by any evidence in this case. *See id.* Given the record evidence in this case, Defendant admitted to the elements of the crime of distribution of child pornography.

Therefore, defense counsel's performance in advising Defendant regarding the sufficiency of the evidence was not deficient.

**IV.     Conclusion**

Defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 61) is DENIED. An appeal from a final order on a § 2255 motion may not be taken absent a certificate of appealability, which may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court concludes Defendant has failed to make such a showing and accordingly a certificate of appealability is DENIED.

IT IS SO ORDERED.  Dated this 11th day of January 2024.

                                                   s/ John W. Broomes  
                                                  JOHN W. BROOMES  
                                                  UNITED STATES DISTRICT JUDGE