IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    Case No.  21-10102-JWB
                                                    23-1273-JWB

NICHOLAS WOODFIELD,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's objection (Doc. 64), which the court construes as a motion for reconsideration, and motion to compel (Doc. 63).  The government opposes the motions.[1]  (Doc. 67.)  The motions are DENIED for the reasons stated herein.

## I.      Facts and Procedural History

On December 21, 2021, Defendant was charged by way of indictment with two counts of transportation of child pornography in violation of 18 U.S.C. §2252A(a)(1), one count of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2), and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  (Doc. 7.)  On January 5, 2023, Defendant pleaded guilty to the distribution count.  (Doc. 36.)  The parties entered into a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement in which they proposed a sentence of 168 months as an appropriate disposition for the charge.  (*Id.* ¶ 3.)  In the plea agreement, Defendant admitted to the following:

> On or about October 8, 2021, the defendant Nicholas Woodfield used his Snapchat account to engage in communications regarding the sale and exchange of child pornography with another user.  Woodfield recorded these communications using a screen recording application on his Apple iPhone 8 (IMEI 353219105790371),

---

[1] Defendant did not file a reply brief and the time for doing so has now passed.

which were later found on his phone following a search warrant for his residence and devices. In the recording, Woodfield scrolled through the content of his Mega (online storage) account, which showed various depictions including a prepubescent female made to masturbate an adult male and a toddler female confronted with an erect penis, and offered the same to the other user.

The defendant Nicholas Woodfield admits to operating the Snapchat and Mega accounts from his device in his residence in Wichita, Kansas, to distribute child pornography to another via the internet.

(*Id.* ¶ 2.)

At the plea hearing, Defendant admitted under oath that the factual statement in the plea agreement was true. He further stated under oath that he was satisfied with his counsel. On April 26, 2023, the court sentenced Defendant to 168 months after accepting the plea agreement. (Doc. 46.) Defendant did not file a direct appeal. Defendant timely moved to vacate the sentence on the basis that he did not share images of child pornography with another Snapchat user and instead shared links to child pornography. (Doc. 61.) Therefore, he argued that he did not violate the statute and that his counsel was ineffective in advising him that his conduct violated the statute. On January 11, 2024, the court denied Defendant's motion to vacate on the basis that Defendant admitted in the plea hearing that the factual basis was correct and that factual basis supported his conviction. (Doc. 62.)

Defendant filed an objection to the court's order which the court construes as a motion for reconsideration. Defendant also moves to compel the government to provide discovery.

## II.     Analysis

In his objection, Defendant asserts that the court failed to provide him with an opportunity to file a brief. Defendant contends that he was going to file a brief after he received notification from the court that his section 2255 petition was filed but that he never received such notification. Defendant's objection lacks merit. There is no provision in the rules that provides Defendant with

additional time to file a brief after receiving notification that his petition has been docketed. Therefore, his motion can be denied on that basis.

Moreover, Defendant's additional arguments in support of his petition lack merit. Defendant has attached portions of the expert report in support of his position that he only sent links to images and did not screen share child pornography images with another user.  The expert report, however, does not contradict the factual basis in the plea agreement and Defendant's statements in court.  The report states that the distribution charge is based on "screen recordings and Snapchat messages recovered from Defendant's Apple iPhone 8.  These screen recordings and chats demonstrate that the user provided links to online cloud storage folders containing pornography."  (Doc. 64 at 11.)  This statement does not affirmatively indicate that Defendant did not share images on the screen recordings.  Rather, it acknowledges that there were screen recordings on the phone and that Defendant also sent links.  Further, the messages on Defendant's phone support the factual basis in the plea agreement that Defendant was sharing images during the chats on October 8, 2021.  (*Id.* at 14) ("show what you have [] with screen recording." "show what you have to trade." "Are you not gonna show what you have?")  Significantly, Defendant admitted during the plea hearing that his phone contained a recording of a conversation with another user during which he scrolled through child pornography images which were particularly described by the government.  (Doc. 68 at 22–23.)  Defendant admitted to offering these images to another user and distributing them via the internet.

Therefore, there is no basis for this court to reconsider its decision.

## IV.   Conclusion

Defendant's motion for reconsideration (Doc. 64) is DENIED.  Defendant's motion to compel (Doc. 63) is DENIED AS MOOT.  The court denies a certificate of appealability for the reasons stated in the prior order.

IT IS SO ORDERED.  Dated this 26th day of July, 2024.

\_\_s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE